| Filer's Name, Address, Phone, Fax, Email: | |
|---|---|
| DONALD L. SPAFFORD, JR. 6188<br>Pauahi Tower<br>1003 Bishop St., Ste. 470<br>Honolulu, HI 96813<br>Phone/Fax: (808) 532-6300/532-6309<br>e-mail: spafford@lava.net | <br>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813 |

hib_3007-1 (12/09)

| Debtor: | DWAYNE K. MENDOZA | Case No.: | 13-01333 |
|---|---|---|---|
| Joint Debtor:<br>(if any) | NILA T. MENDOZA | Chapter: | 13 |

| **OBJECTION TO CLAIM; NOTICE OF HEARING**<br>Courtroom – 1132 Bishop Street, Honolulu, Hawaii<br>[Note: Fed. R. Bankr. P. 3007(b) provides that an objection to claim may not include a demand for relief of the kind specified in Fed. R. Bankr. P. 7001. Such relief must be sought by filing a complaint to commence an adversary proceeding.] | Hearing Date: March 13, 2014<br>Time: 9:30 a.m.<br><br>Response due: March 6, 2014 |
|---|---|

The party below hereby objects under Fed. R. Bankr. P. 3007 to the claim below as follows.

| Objecting Party | Debtors Dwayne K. Mendoza and Nila T. Mendoza | | | | |
|---|---|---|---|---|---|
| Claim No. | Claimant Name and Address | Amount (as filed by claimant) | | | |
| | | Secured | General Unsecured | Priority Unsecured | Unclassified |
| 3 | Carolyn Mendoza<br>c/o Dan S. Ikehara, Esq.<br>98-1247 Kaahumanu St., Ste. 309<br>Aiea, HI 96701 | | | | 110,101.84 |

The objecting party asserts the claim should be treated as explained below and in the attached memorandum.
☒ Disallowed in entirety ☐ Reclassified ☐ Amount modified ☐ Other

NOTICE IS HEREBY GIVEN that a hearing on this objection has been scheduled for the date and time above.

<u>Your rights may be affected.</u> You should read the objection and any accompanying papers carefully and discuss them with your attorney if you have one in this bankruptcy case or proceeding. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to sustain the objection, or if you want the court to consider your views, then you or your attorney must file a statement explaining your position **not later than 7 days before the hearing date**. Responses must be filed with the court at: **United States Bankruptcy Court, District of Hawaii, Suite 250, Honolulu, HI 96813**, and sent to the objecting party at the address in the upper left corner of this document.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection and may cancel the hearing. If the hearing is canceled, the court may reduce, modify, or eliminate your claim if the objecting party promptly files a declaration and request for entry of an order [local form hib_9021-1]. If the objecting party wishes to proceed with a hearing in the absence of a response, the objecting party should file a request for the matter to remain on calendar [local form hib_9013-1c3].

| MEMORANDUM IN SUPPORT OF OBJECTION ||||
|---|---|---|---|
| For the reasons stated below, the claim should be: ||||
| ☒ Disallowed in its entirety. ||||
| | | Amount ||
| ☐ Reclassified/modified in the following amount(s): | Secured | General Unsecured | Priority Unsecured |
| | | | |

[*Explain the grounds for the objection. Attach additional pages, declarations, or exhibits as necessary.*]

Claimant Carolyn Mendoza seeks to enforce a divorce decree that was entered by the Family Court of the First Circuit on October 28, 1993 (see Exhibit A to Carolyn Mendoza's proof of claim). HRS Section 657-5 states in pertinent part as follows:

Unless an extension is granted, every judgment and decree of any court of the State (that is, the State of Hawaii) shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.

More than ten years have passed since the divorce decree was entered. Claimant Carolyn Mendoza never sought an extension of the divorce decree, and the time period for filing a motion for such extension has expired.

Dated: 1/28/2014

/s/ Donald H Spafford Jr.  Donald L. Spafford, Jr.
Signature  Print name if original signature