DAN S. IKEHARA  #4242
Attorney at Law
98-1247 Kaahumanu Street  No. 309
Aiea, Hawaii  96701
DSIkehara@aol.com
808 485-1420
425 274-7333 (fax)

Attorney for Creditor CAROLYN P. MENDOZA

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In Re: | ) Case No. 13-01333 |
|---|---|
|  | ) (Chapter 13) |
| DWAYNE K. MENDOZA and | ) |
| NILA T. MENDOZA, | ) STIPULATION FOR RELIEF |
|  | ) FROM 11 U.S.C. § 362 |
| Debtors. | ) AUTOMATIC STAY; ORDER |
|  | ) |

## STIPULATION FOR RELIEF FROM AUTOMATIC STAY

THIS Stipulation is made by and between (i) Debtor(s) DWAYNE K. MENDOZA ("Debtor") and NILA T. MENDOZA ("Joint Debtor"), by and through their attorneys W. RICHARD ABELMANN and DONALD L. SPAFFORD, JR. (Special Counsel), (ii) Creditor CAROLYN P. MENDOZA, by and through her attorney DAN S. IKEHARA, and (iii) HOWARD M.S. HU, in his capacity as trustee of the bankruptcy estates of DWAYNE K. MENDOZA and NILA T. MENDOZA, debtors in a joint case under Chapter 13 of the Bankruptcy Code (collectively referred to as the "Parties").

The purpose of this Stipulation is to allow Creditor CAROLYN P. MENDOZA, former spouse of Debtor DWAYNE K. MENDOZA, to obtain her share of Debtor's retirement benefits.

## RECITALS

WHEREAS, Debtor and Joint Debtor commenced the present case under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii pursuant to the Voluntary Petition filed on August 6, 2013, thereby initiating the Automatic Stay pursuant to 11 U.S.C. § 362;

WHEREAS, HOWARD M.S. HU was appointed as Chapter 13 Trustee of the Debtor's and Joint Debtor's bankruptcy estates on August 6, 2013;

WHEREAS, Debtor earned certain retirement benefits under the Civil Service Retirement System ("CSRS Benefits"), through his past employment with the federal government, and is receiving those benefits by monthly annuity payments administered by the United States Office of Personnel Management ("OPM");

WHEREAS, Debtor and Creditor were once married to each other, and were divorced pursuant to the Divorce Decree entered on October 28, 1993, in the Family Court of the First Circuit, State of Hawaii, FC-D No. 93-1827 ("Divorce Decree");

2

U.S. Bankruptcy Court - Hawaii #13-01333 Dkt # 55 Filed 04/21/14 Page 2 of 5

WHEREAS, in the Divorce Decree, Creditor was awarded as a property division, a portion of Debtor's CSRS Benefits equal to 50% of Debtor's gross monthly annuity amount;

WHEREAS, prior to the commencement of the present case, Creditor's attorney contacted the OPM requesting distribution of Creditor's share of the CSRS Benefits and payments to be made directly to Creditor pursuant to the Divorce Decree;

WHEREAS, Debtor has received and is currently receiving his share of the CSRS Benefits; and

WHEREAS, the OPM is withholding Creditor's share of Debtor's CSRS Benefit, and hence Creditor has not received her share of the Debtor's CSRS Benefits.

NOW THEREFORE, the Parties hereby stipulate, consent and agree, subject to the approval of the Court, to the following:

1. Creditor CAROLYN P. MENDOZA shall be granted relief from the 11 U.S.C. § 362 automatic stay.

2. Creditor's relief from the automatic stay is limited to contacting the OPM, to inquire of the status of Creditor's share of Debtor DWAYNE K. MENDOZA's CSRS Benefits, to take further action, if necessary, to obtain her share of the CSRS Benefits from the OPM pursuant to the Divorce Decree, and to

U.S. Bankruptcy Court - Hawaii #13-01333 Dkt # 55 Filed 04/21/14 Page 3 of 5

receive payment or distribution directly from the OPM of her share of Debtor's retirement benefits.

3. Copies of all contact or communications with the OPM shall be provided to Debtor's attorney.

4. The effective date of this Stipulation shall be the date on which this Stipulation is approved and filed by the Court.

5. Upon entry of this Stipulation, Creditor shall withdraw her Claim No. 4. If for any reason OPM fails to release Creditor's share of Debtor's retirement benefits because OPM deems such benefit to be property of the estate, Debtor will stipulate to a late-filed claim in the form currently submitted as Claim No. 4 and otherwise will assist Creditor in reinstating her claim so that Creditor is not prejudiced by her withdrawal.

Dated: Honolulu, Hawaii 4/17/2014

/s/ W. Richard Abelmann

W. RICHARD ABELMANN
DONALD L. SPAFFORD, JR. (by Special Counsel), Attorneys for Debtor(s)
DWAYNE K. MENDOZA and NILA T. MENDOZA

/s/ Dan S. Ikehara

DAN S. IKEHARA, Attorney for Creditor
CAROLYN P. MENDOZA

4

_____
HOWARD M.S. HU
Chapter 13 Trustee


Approved and So Ordered:

_____ APR 2 1 2014
Judge of the U.S. Bankruptcy Court for
the District of Hawaii

5

U.S. Bankruptcy Court - Hawaii   #13-01333   Dkt # 55   Filed 04/21/14   Page 5 of 5